IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK JOHN C HAMANN,

                          Plaintiff,                        ORDER

v.

                                                 22-cv-245-wmc

DR. CONRAD MAGNO, DDS,

                        Defendant.

---

      Pro se plaintiff Jack John C. Hamann is suing dentist Dr. Conrad Magno for allegedly injuring him during a tooth extraction, and failing to ensure proper follow-up care. He has filed a motion asking for three kinds of relief, which I will grant in part. Dkt. 50.

      First, Hamann says that his institution is not giving him copies of his own dental x-rays even though he signed a medical authorization form releasing those records to defendant. Hamann is not entitled to free copies, but he should be free to examine his own medical records and make copies. Defense counsel must promptly clarify for Hamann whether he will receive copies from defendant or whether his medical records will be made available for him to review.

      Second, Hamann wants a non-party dental assistant to provide him with a sworn affidavit about what she witnessed during the tooth extraction. As a general matter, civil discovery rules do not entitle a party to take such discovery from a non-party. Hamann could depose this person, but he would have to do so at his own expense because the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the court to use public funds for deposition costs. If this case proceeds to trial, the pretrial packet Hamann received with the court's preliminary pretrial conference order contains information on how he can call non-party witnesses to testify at trial. Dkt. 17.

Third, and finally, Hamann asks for money to hire an expert witness to evaluate the quality of care he received from defendant. I cannot grant this request because the court does not have money to give litigants for this purpose. The court can appoint a neutral expert under Federal Rule of Evidence 706 when necessary to help the court or the jury "interpret complex information," but not to help one side prove its case. *DeJesus v. Godinez*, 720 F. App'x 766, 772 (7th Cir. 2017). While Hamann might prefer an expert opinion in the hopes that it will provide support for his claims, that is not the purpose of Rule 706. *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence … but it need not appoint an expert for a party's own benefit.").

## ORDER

It is ORDERED that:

(1) Plaintiff's motion for records, a witness, and money to hire an expert, dkt. 50, is GRANTED IN PART and DENIED IN PART in the manner set forth above;

(2) Defense counsel is directed to promptly clarify for Hamann whether he will receive copies of his medical records disclosed in discovery or whether his medical records will be made available to him to review.

Entered this 12th day of April, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge