IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK JOHN C. HAMANN,

                Plaintiff,                              ORDER

    v.

                                                      22-cv-245-wmc

DR. CONRAD MAGNO, DDS,

                Defendant.

---

*Pro se* plaintiff Jack John C. Hamann is suing dentist Dr. Conrad Magno for allegedly injuring him during a tooth extraction and failing to ensure proper follow-up care. He has filed a motion raising a series of concerns and questions regarding his preparation for summary judgment. (Dkt. #60.) The court must remain neutral in adjudicating any lawsuit and cannot give litigants, even *pro se* litigants, legal advice. That said, the court will grant the motion in part, insofar as Hamann seeks clarification the court can provide.

*First*, Hamann expresses concern about his inability to obtain copies of his dental records before summary judgment motions are due and notes that he has signed an authorization form releasing those records to defendant. But Hamann recently resubmitted his authorization form, so defense counsel was only able to request the records approximately one week ago on April 11, 2023. (Dkt. #53 at 3.) As the magistrate explained in his April 12, 2023, order, Hamann is not entitled to free copies of these records but should be free to examine his own medical records and make copies. (Dkt. #51.) The magistrate also directed defense counsel to clarify for Hamann whether he will receive copies of those records disclosed in discovery, or whether Hamann's records will be made available for him to review. The court expects that defense counsel will do so

promptly and advises Hamann that the summary judgment deadline has been extended to June 15, 2023.[1] If either party requires additional time to prepare for summary judgment, they may request an extension for good cause.

*Second*, Hamann asks whether he needs to send defendant copies of the exhibits he plans to submit with his motion for summary judgment before that motion is due. He also filed an exhibit list, copies of the exhibits, and an affidavit. (Dkt. ##58, 59.) As a general matter, Hamann does not need to file his potential exhibits with the court ahead of time or send defendant materials defendant did not ask for. Like defendant, Hamann must produce all discoverable materials in response to properly propounded discovery requests.

*Third*, Hamann asks whether his affidavit has been properly "authenticated" because it is notarized. (Dkt. #59.) If Hamann is asking whether it is admissible for purposes of summary judgment, "testimonial statements . . . must be set forth in an affidavit that is properly notarized or in which statements are declared to be true under penalty of perjury as 28 U.S.C. § 1746 allows." *Gonzales v. Brevard*, 531 F. Supp. 2d 1019, 1022 (W.D. Wis. 2008); *see Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011) (listing cases holding that "a declaration under § 1746 is equivalent to an affidavit for purposes of summary judgment").

Finally, the court notes for Hamann's benefit that several of his recent filings have been unsigned. (Dkt. ##57, 58, 60.) The court has addressed these submissions without Hamann's signature in the interest of judicial economy. Going forward, Hamann must

---

[1] Hamann also asks for a copy of the updated case schedule. (Dkt. #58 at 1.) Although the court has extended the dispositive motions deadline to June 15, 2023, the remaining pretrial schedule set by the magistrate is the same. (*See* dkt. #17.)

2

sign his filings as required by Federal Rule of Civil Procedure 11(a). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). The court will docket but return any future unsigned filings to Hamann for his signature without addressing them until a signed copy is filed.

ORDER

IT IS ORDERED that:

1) Plaintiff's notice of question for this court (dkt. #60) is GRANTED in part as provided in this order.

2) Plaintiff must sign any future filings as required by Federal Rule of Civil Procedure 11(a).

Entered this 19th day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge