IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACK JOHN C HAMANN,

                Plaintiff,                              ORDER

    v.

                                                        22-cv-245-wmc

DR. CONRAD MAGNO, DDS,

                Defendant.

*Pro se* plaintiff Jack John C. Hamann is suing dentist Dr. Conrad Magno for allegedly injuring him during a tooth extraction and failing to ensure proper follow-up care. He has filed another notice with the court, this time representing that defendant has sent him over 1,100 pages of his medical records but not the dental x-rays he claims are "the prime evidence in this suit." (Dkt. #67 at 1.) Hamann asserts that he has paid his institution for copies of these x-rays, which were taken before and after the extraction, but his request has been denied. He asks the court for a lawyer to help him obtain the x-rays or to order defendant to provide them, and to verify that his latest interrogatories are reasonable and in the proper format. (*Id.* at 2.)

The court will grant Hamann's request for x-rays in part. Hamann has authorized the disclosure of his dental records, repeatedly requested copies of these x-rays, and says he has also paid for them, so it is unclear to the court why he has been unable to obtain them either through discovery or his institution. It may be that defendant intends to provide Hamann with copies but has not yet received them, or that his institution will, or it may be that the x-rays are part of the materials he received from defense counsel. Either way, the court will not recruit an attorney and instead will order defendant to send

Hamann a letter, copying the court, disclosing whether these x-rays and related information such as notes or reports have already been produced, and if not, how Hamann can obtain copies of his x-rays.

As for Hamann's request that the court review his latest interrogatories, the court cannot assist litigants in this way. Hamann appears to be dissatisfied with some of defendant's responses so far, but the parties are continuing to communicate about discovery so the court will not intervene, absent a formal motion to compel after the parties have met and conferred in good faith about any disputes.

That leads the court to make two final points. *First*, Hamann continues to file notices and updates about the parties' communications. These filings often contain requests for court action, but because they are not labeled as formal motions, the issue for the court is unclear. Hamann should not file notices and discovery requests scattershot. If he wants relief from the court, he must file a formal motion, labeled as such, in which he asks for specific relief under the applicable legal standard.

*Second*, Hamann continues to raise concerns and questions regarding his preparation for summary judgment. Hamann does not need to affirmatively move for summary judgment separately from defendant, and plaintiffs often do not. If defendant does not move for summary judgment, this case will simply proceed to trial. If defendant moves for summary judgment, Hamann should review this court's summary judgment procedures, available in the preliminary pretrial packet he received with the court's preliminary pretrial conference order. (Dkt. #17.)

ORDER

IT IS ORDERED that:

1) Plaintiff's discovery motion (dkt. #67) is GRANTED in part and DENIED in part as provided in this order.

2) Defendant is ORDERED by May 10, 2023, to send Hamann a letter, copying the court, disclosing whether the dental x-rays and related information such as notes or reports have already been produced, and if not, how Hamann can obtain copies of his x-rays.

Entered this 26th day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge