IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACK JOHN C. HAMANN,

                Plaintiff,                            ORDER

    v.

                                              22-cv-245-wmc

DR. CONRAD MAGNO, DDS,

                Defendant.

*Pro se* plaintiff Jack John C. Hamann is suing dentist Dr. Conrad Magno for allegedly injuring him during a tooth extraction and failing to ensure proper follow-up care. This order addresses Hamann's three filings regarding conditions of confinement, discovery, witnesses, and his preparation for summary judgment. (Dkt. ##74, 76, 77.)

*First*, Hamann renews his concern that he has yet to receive a copy of certain dental x-rays and asks whether he must produce the evidence he plans to submit with his summary judgment motion in advance of that motion. (Dkt. #74.) Although Hamman failed to sign this submission,[1] Magno has now provided copies of the x-rays to Hamann and asserts that he will also provide Hamann with copies of additional medical records from 2020 once he receives them. (*See* dkt. #79.) As for Hamann's question regarding his summary judgment exhibits, the court addressed the issue in its April 19, 2023, order. (Dkt. #62 at 2.) The court reminds Hamann that he does not need to affirmatively move for summary judgment separately from Magno. If Magno does not file a motion for summary judgment, this case will simply proceed to trial.

---

[1] As noted in the court's April 19, 2023, order, Hamann must sign his filings as required by Federal Rule of Civil Procedure 11(a). (Dkt. #62 at 3.)

*Second*, Hamann has renewed his request to subpoena and depose several non-parties.  (Dkt. #77.)  There are no hearings scheduled in this matter, and it is not yet clear whether this matter will proceed to trial.  So, the court sees no basis to grant his request for subpoenas so that Hamann can conduct depositions.  If this case proceeds to trial, the pretrial packet Hamann received with the court's preliminary pretrial conference order contains information on how he can call non-party witnesses to testify at trial.  (Dkt. #17.)  The court has also explained to Hamann that civil discovery rules generally do not entitle a party to take discovery from a non-party, and that he can depose non-parties in accordance with Federal Rule of Civil Procedure 30 at his own expense and without leave of court.  (Dkt. ##51, 73.)  This request will therefore be denied.

*Third*, Hamann requests clarification regarding e-filing and questioning witnesses and raises a concern that Magno may have made assumptions about his mental health. (Dkt. #76.)  The court will grant this request in part by providing what clarification it can. Regarding e-filing, e-filed documents are submitted to the court and made available to the parties and the public as part of the record.  The court has repeatedly informed Hamann that discovery requests for Magno should not be filed with the court unless they are exhibits in support of a motion; again, discovery requests and requests to meet and confer concerning discovery issues must be mailed to defense counsel directly for a response. Concerning witnesses and Magno's assumptions about Hamann, as noted above, the court will likely resolve any summary judgment motion based on the parties' briefs and exhibits, and Hamann can present his arguments in his response to Mango's summary judgment

motion.  If this matter proceeds to trial, Hamann will be able to call and question witnesses as permitted under the civil procedure rules.

Hamann also expresses concerns about his conditions of confinement at the Wisconsin Secure Program Facility, including the qualifications of medical staff, access to the law library, how Program Review Committee meetings are conducted, water quality, administrative inefficiencies, and staffing.[2]  (Dkt. #76.)  He asks for contact information for an advocacy group or agency that could help him address these issues, but the court does not maintain and cannot provide such information to litigants.  The court notes that Hamann can request additional time to complete litigation tasks if law library hours are reduced to the point that he cannot meet a deadline.  But the court cannot provide any relief that is unrelated to the narrow claims in this lawsuit.  If Hamann feels that his constitutional rights are being violated in other, unrelated ways, he may file a new lawsuit representing himself on his own claims.  28 U.S.C. § 1654.

Having addressed these filings, the court encourages Hamann to focus on the tasks at hand, including gathering evidentiary support for his claims and to review the preliminary pretrial conference order and packet materials.  (Dkt. #17.)

ORDER

IT IS ORDERED that:

1)  Plaintiff's notice of question for this court (dkt. #74) is DENIED as moot.

---

[2] Hamann also notes that he received a letter from the court that was not addressed to him, and the court appreciates his efforts to return it.

2)  Plaintiff's petition to subpoena witnesses / to depose witnesses (dkt. #77) is DENIED.

3)  Plaintiff's motion regarding e-filing, prison conditions, and discovery and summary procedures (dkt. #76) is GRANTED in part as provided in this order.

Entered this 11th day of May, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge