IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK JOHN C. HAMANN,

                Plaintiff,                  OPINION AND ORDER

    v.

                                                          22-cv-245-wmc

DR. CONRAD MAGNO, DDS,

                Defendant.

---

*Pro se* plaintiff Jack John C. Hamann is suing dentist Dr. Conrad Magno for allegedly injuring him during a tooth extraction and failing to ensure proper follow-up care. He asks the court to sanction defendant under Federal Rule of Civil Procedure 37 for delaying his response or refusing to respond to discovery requests and asserts that he has tried to meet and confer in good faith. (Dkt. #83.) A court may order sanctions if a party fails to obey a discovery order, to disclose information or to serve answers to interrogatories. Fed. R. Civ. P. 37(b), (c), (d). For the following reasons, the motion will be denied, but the court will extend the dispositive motions deadline to allow defendant time to supplement his responses to certain interrogatories as necessary.

Hamann contends that defendant has been dilatory in discovery to "handicap" his preparation for summary judgment, but he does not specify a court order defendant is violating and he has not otherwise established a basis for imposing sanctions. To the extent discovery has been delayed, Hamann contributed to that delay. First, Hamann is aware that he has not always properly served his discovery requests on defendant.[1] (*See* dkt.

---

[1] As the court has already explained, Hamann must mail discovery requests and requests to meet and confer concerning discovery disputes to defense counsel directly; he should not file these documents with the court and expect a response.

##37 at 1; 42; 61; 80 at 2.) And the parties litigated the scope of a medical authorization form that Hamann initially refused to sign. (Dkt. #39.) As a result, defendant was only able to request Hamann's medical records as of April 11, 2023. (Dkt. #53 at 3.) By the end of April, however, Hamann had received over 1,100 pages of his medical records, and defendant promised to produce additional records as he received them. (Dkt. #79.)

Of primary concern to Hamann are his dental x-rays, which defendant explains he was unable to produce until he received them in early May. (Dkt. #79.) Hamann now has his x-rays but complains that they are not properly labeled and thus "somewhat worthless." (Dkt. #83 at 1.) He appears to suggest that the affected tooth is not labeled on the x-rays, and the x-rays are not dated, but defendant's only obligation was to produce the x-rays as received and it is not yet apparent that the parties will dispute any aspect of these medical records, or on what basis. Hamann's filings also suggest that he has defendant's medical report, and he can use that, and his other medical records, to help explain the x-rays if necessary for purposes of summary judgment. Should this case proceed to trial, Hamann will likely be able to question defendant about the x-rays. Thus, there is no evidence that defendant purposefully delayed production of Hamann's medical records after receiving a properly completed and signed authorization form or is otherwise obstructing Hamann from litigating this case.

Hamann also claims that defendant has unreasonably refused to respond to several of his interrogatories. Hamann does not attach the disputed interrogatories to his motion, but based on the responses Hamann partially quotes in his motion (*id.* at 4-5), the court finds no reason to sanction defendant. To begin, Hamann requests defendant's personal

2

address in addition to his clinic's address in his first interrogatory, but Hamann does not explain why he needs this information to litigate this case and the court will not require defendant to disclose his personal address. Hamann also seeks information about defendant's net profits from his business, presumably in relation to a possible damages demand, and a more complete answer regarding a National Practitioner's Data Bank report about defendant because he believes that credibility is a "major issue" in this case. (Dkt. #83 at 5.) Defendant has promised to revisit the report issue if the case proceeds to trial, and making credibility determinations is not the court's role at the summary judgment stage. *See Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) (a district court may not make credibility determinations, weigh evidence, or decide which inferences to draw from the facts when ruling on a summary judgment motion). If this case proceeds past summary judgment to trial, when credibility and damages issues will come to the fore, Hamann can renew his requests for such information. Defendants' refusal to provide this information now is not a basis for sanctions.

That leaves five interrogatories that appear to require review of Hamann's medical records. According to Hamann, defendant responded that he would supplement his responses to interrogatories 5, 7, 12, 13, and 14 once he had received Hamann's medical records. Again, Hamann does not include the interrogatories themselves, so the court does not know what information he is asking for based on his medical records. But the medical records have apparently been disclosed, so the court will direct defendant to promptly supplement these responses as promised if he has not done so already. To allow defendant time to accomplish this task before summary judgment, the court will extend the

3

dispositive motions deadline by three weeks.

Although the court will deny Hamann's motion for sanctions, his concern about being prepared for summary judgment is legitimate. But Hamann appears capable of litigating this stage of the lawsuit. As the court has explained to Hamann before, he does not need to affirmatively move for summary judgment; plaintiffs rarely do. Hamann can present his arguments in response to defendant's summary judgment motion if defendant files one. If defendant does not file a summary judgment motion, this case proceeds to trial. And either party may request additional time to complete a litigation task for good cause shown.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motion for sanctions (dkt. #83) is DENIED.

2) The dispositive motions deadline is extended to July 11, 2023.

3) Defendant is directed to promptly supplement his responses to plaintiff's interrogatories 5, 7, 12, 13, and 14 as necessary now that plaintiff's medical records have been disclosed if he has not done so already.

Entered this 15th day of June, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge